UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREEDOM WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. CV-00-12234-EFH |
| BOSTON COMMUNICATIONS GROUP, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

(~~████████~~) **ORDER**

October 12, 2006

HARRINGTON, S.D.J.

On July 21, 2006, all parties in this action filed a Joint Motion for Relief from

Orders and Judgment pursuant to Fed. R. Civ. P. 60(b)(6). Because the parties had

already noticed appeals to the United States Court of Appeals for the Federal Circuit

("CAFC"), the parties requested that this Court follow the procedure established by the

United States Court of Appeals for the First Circuit in *Commonwealth of Puerto Rico v.*

*The S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979). After hearing on the parties'

Rule 60(b)(6) Motion, this Court issued a Memorandum stating its inclination to grant the

requested vacatur.

Subsequently, on August 10, 2006, all parties filed a Joint Motion to Remand in

the CAFC to remand this case to re-establish jurisdiction in this Court. The CAFC, on

September 28, 2006, issued a mandate granting the Joint Motion to Remand to allow this

Court to act on said Joint Motion for Relief from Orders and Judgment. Now, after remand and the re-establishment of jurisdiction in this Court, all parties have formally jointly moved this Court to complete the prescribed procedure by issuing an order vacating certain Orders and the Judgment.

After consideration of the reasons set forth in the parties' Joint Motion for Relief from Orders and Judgment and supporting Memorandum (dated July 21, 2006), which the Court hereby adopts *in toto*, the Court makes the following findings:

All parties to this action have entered into a global settlement agreement that would resolve not only this action, but also related actions, *Freedom Wireless, Inc. v. Boston Communications Group, Inc. and Nextel Communications, Inc.*, No. 05-CV-11061 (D.Mass.) ("*Nextel*") and *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, No. 05-CV-11602 (D. Mass.) ("*Alltel*");

The global settlement agreement, however, is expressly conditioned on the vacatur of certain Orders and the Judgment entered in this action; and

If the requested relief is granted, and this action is terminated, the parties will stipulate that the *Nextel* and *Alltel* actions may be dismissed; thereby resolving all three actions.

The following "exceptional circumstances," which are not addressed by Fed. R. Civ. P. 60(b)(1)-(5), are plainly present here and warrant the exercise of this Court's broad discretion to grant the extraordinary relief requested by all parties pursuant to Fed. R. Civ. P. 60(b)(6):

If the global settlement is not consummated, BCGI may well lose a significant portion of its business, which could result in a significant loss of Massachusetts jobs and

2

a reduction or termination of the services BCGI now offers to its carrier customers and that those carrier customers now offer to their subscribers;

The parties collectively have appealed the findings, Orders, and the Judgment that are the subject of this Motion. Absent vacatur, the parties have strong incentives to proceed with appellate review because the findings, Orders and Judgment in question may detrimentally affect the various parties' respective abilities to protect their interests in the future;

Global settlement of several complex, multi-party lawsuits will conserve this Court's and the parties' time, money and other resources – all in furtherance of the public interest;

If the requested relief is denied, the negative impact on settlement is absolutely clear – the multi-party agreement settling multiple lawsuits will become null and void;

Granting the requested relief follows First Circuit precedent, promotes the public policy encouraging the settlement of private disputes, and fosters judicial economy; and

By enabling the settlement of these actions, this Court would avoid further protracted litigation in the Federal Circuit and in this Court.

Based on the above findings, and for the additional exceptional circumstances and reasons set forth in the parties' Joint Motion for Relief from Orders and Judgment, the Court determines that principles of equity mandate relief from the following Orders and Judgment, which are hereby vacated:

1)    Memorandum and Order dated April 23, 2003 regarding claim construction;

2)    Order dated April 23, 2003 regarding claim construction;

3)    Order dated August 5, 2004; specifically Nos. 2 (denying BCGI's Motion for Partial Summary Judgment of Noninfringement); 3 (denying BCGI's Motion for

Partial Summary Judgment of Invalidity); 8 (denying Cellco Defendants' Motion for Summary Judgment of Patent Unenforceability Due to Inequitable Conduct);

4) Order dated April 22, 2005, granting Freedom Wireless, Inc.'s Motion to Exclude Defense Exhibit 3544 (Cominex application);

5) Rulings on the Cominex Application (Defense Exhibit 3544) dated May 5, 2005;

6) Order dated May 9, 2005, denying Defendants' Request for Judicial Notice of Relevant Dates Concerning Cominex's Patent Application;

7) Order dated May 10, 2005; specifically Nos. 1 (denying Motion of Cingular Wireless LLC ("Cingular"), et al. for Judgment as a Matter of Law ("JMOL") of No Direct Infringement under Section 271(a)); 2 (granting Motion of Cingular, et al. for JMOL of No Indirect Infringement under Section 271(b) or (c)); 5 (granting Motion of Freedom Wireless for JMOL Regarding the On-Sale Bar of 35 U.S.C. § 102(b)); 8 (granting Motion of Freedom Wireless for JMOL that Freedom's Patents are not Anticipated or Rendered Obvious by Cominex's Letters); 9 (granting Motion of Freedom Wireless for JMOL that Freedom's Patents are not Invalid); 11 (granting Joinder of Western Wireless Corp. in Cingular Motion for JMOL); 14 (granting Motion of BCGI for JMOL of no Inducement of Infringement and no Contributory Infringement); 15 (denying Motion of BCGI for JMOL of no Direct Infringement under the Theory of "Joint Infringement"); 16 (ruling on Motion of BCGI for JMOL that BCGI Alone does not Directly Infringe Freedom's Patents by stating that Court shall instruct jury on joint infringement only); 17 (denying Defendants' Motion for JMOL with Respect to Damages); 18 (denying Defendants' Motion for JMOL of Invalidity of '067 Claim 15 and '823 Claim 35 Based on Admissions by Dr. Richard Levine); 19 (denying Defendants' Motion for JMOL of Noninfringement); 20 (denying Defendants' Motion for JMOL of Invalidity of all Asserted Claims); 21 (construing the term "ANI" as the subscriber's number in accordance with the specifications); and 25 (construing the term "cause" as its ordinary and usual meaning);

8) The Court's rulings on May 12, 2005 and May 13, 2005 overruling defendants' objections to the jury instructions and denying defendants' request to give their proposed jury instructions;

9) Electronic Order dated August 16, 2005, denying Defendants' Motion to Admit Documents Concerning Concealment of CSI and Cominex Materials (as Evidence of Intent to Mislead);

10) Findings of Fact and Conclusions of Law of the Court dated September 1, 2005, denying defendants' claims of inequitable conduct;

11) Judgment dated September 1, 2005;

12)   Order for Permanent Injunctive Relief Pursuant to 35 U.S.C. § 283 dated October 12, 2005;

13)   Order for Award of Costs dated October 12, 2005;

14)   Order for Award of Prejudgment Interest dated October 12, 2005;

15)   Order dated October 13, 2005, granting Freedom Wireless Motion for an Accounting.

16)   Orders dated October 18, 2005 and October 19, 2005, denying Defendants' Renewed Motion for JMOL or for a New Trial.

17)   Order dated August 14, 2003, denying Defendants' Motion for Reconsideration of April 23, 2003 Order and Memorandum and Order;

18)   Order dated April 27, 2005, granting Freedom Wireless' Motion for Clarification of Ruling on BCGI's Motion for JMOL with Respect to Conduct Involving Non-Defendant Carriers;

19)   Order dated September 1, 2005, denying Defendants' Motion for Remittitur and, in the Alternative, Motion for a New Trial with Respect to Damages; and

20)   Order dated September 27, 2005, denying Defendants' Motion for Reconsideration of September 1, 2005 Order.

SO ORDERED.

10-12-06

EDWARD F. HARRINGTON
United States Senior District Judge

LIBA/1737309.2